IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CITY OF CHICAGO, an Illinois municipal corporation,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GLOCK, INC.,**<br><br>**Defendant.** | **Case No. 24 cv 03088**<br><br>**Cook County Case No. 2024 CH 02216** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), defendant Glock, Inc., by and through its attorneys, Renzulli Law Firm, LLP and Harrison Law LLC, hereby removes this case from the Circuit Court of Cook County, Illinois, County Department – Chancery Division to the U.S. District Court for the Northern District of Illinois. In support of the grounds for removal, Glock, Inc. states as follows:

1. This is an action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. Defendant is accordingly entitled to remove this case pursuant to 28 U.S.C. § 1441(a) & (b).

2. On or about March 19, 2024, Plaintiff commenced an action in the Circuit Court of Cook County, Illinois, County Department – Chancery Division, captioned *City of Chicago v. Glock, Inc.*, No. 2024CH02216. Attached hereto as Exhibit 1 and incorporated herein by reference is a copy of the Plaintiff's Complaint and Demand for Jury Trial.

3. A copy of the Plaintiff's Summons and Complaint was served on Defendant on March 19, 2024.

4. At the time of the commencement of this action and at all times thereafter, the "City of Chicago is an Illinois municipal corporation and is a citizen of Illinois for diversity jurisdiction purposes." *City of Chicago v. Smollett*, 421 F. Supp. 3d 565, 570 (N.D. Ill. 2019).

5. At the time of the commencement of this action and at all times thereafter Defendant has been and is a Georgia corporation with its principal place of business in Georgia and is therefore a citizen of Georgia pursuant to 28 U.S.C. 1332(c)(1).

6. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

7. Upon information and belief, based on the allegations in the Complaint, the amount of controversy with respect to Plaintiff's claims exceeds $75,000, exclusive of interest and costs. Plaintiff alleges in its Complaint that "Glock pistols are the most popular firearm in America" and that more than "8,000 Glock pistols were recovered in connection with criminal investigations in Chicago from 2017 to 2021 . . . ." Compl. ¶ 3. Plaintiff further alleges that "Glock has relationships with more than 100 dealers located in Illinois," and "[t]housands of Chicago residents purchase Glock firearms." *Id.* ¶¶ 75-76. Plaintiff contends that Glock pistols can be illegally modified to make them fire fully automatic ("Modified Glocks"), and that the "incidents of Modified Glocks being used [in crimes] throughout Chicago are too numerous to describe in detail . . . ." *Id.* ¶¶ 50-51. The Complaint further alleges that Glock, Inc.'s sales and marketing of the Modified Glocks have violated the Illinois Consumer Fraud and Deceptive Business Practices Act since it was amended on August 23, 2023, and that such violations have, in turn, resulted in a violation of Section 2-25-090(a) of the Municipal Code of Chicago each day

since August 23, 2023. *Id.* ¶¶ 70-72, 80-83.

8. Based on the above, the Complaint requests that Defendant be ordered to disgorge its profits from the sale of Glock pistols and also fined $10,000 for each offense pursuant to Section 2-25-090 of the Municipal Code of Chicago. Compl. ¶¶ 84, 93-94, & page 40 ¶¶ v., vi. The Complaint alleges that "[e]ach day that Glock engaged in or engages in the unlawful sale and marketing of its pistols to Chicago civilian consumers constitutes a separate and distinct offense under MCC § 2-25-090." *Id.* ¶ 83. Thus, the Complaint seeks $10,000 per day since at least August 23, 2023, which easily exceeds $75,000. The Complaint requests an award of:

> the costs of investigating and prosecuting crimes involving Modified Glocks, the costs of providing emergency services to transport and treat victims of shootings involving Modified Glocks, the cost of securing and analyzing crime scenes involving Modified Glocks, the cost of victim support services for victims of crimes involving Modified Glocks, and the costs of providing gun violence prevention, street outreach, and community safe-space programming to mitigate harms caused by Modified Glocks.

*Id.* ¶ 102. The Complaint also seeks to recover damages to abate the alleged nuisance caused by crimes involving the Modified Glocks, *id.* ¶ 110 and page 40 ¶ iv., general compensatory and exemplary damages, *id.* at 40 ¶¶ iii & viii, and the costs of its investigation and attorney fees pursuant to Chicago Mun. Code § 2-25-090, *id.* ¶¶ 84, 94, 103, 110 and page 40 ¶ ix.

9. By reason of the amount in controversy and the complete diversity of citizenship between Plaintiff and Defendant, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

10. Accordingly, this action is removable from the Circuit Court of Cook County, Illinois, County Department – Chancery Division, to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

11. Defendant is not a citizen of Illinois. Accordingly, this case is removable

pursuant to 28 U.S.C. § 1441(b).

12. This notice of removal is being filed within thirty days after service of the Summons and Complaint on Defendant and this case is therefore removable pursuant to 28 U.S.C. § 1446 (b).

13. This Notice of Removal is accompanied by copies of all filings made to date in the Circuit Court of Cook County, Illinois, County Department – Chancery Division:

> Exhibit 1 – Complaint and Demand for Jury Trial;
>
> Exhibit 2 – State Court Docket Sheet;
>
> Exhibit 3 – Fee Exempt and Reduced Fee Agency Cover Sheet;
>
> Exhibit 4 – Chancery Division Civil Cover Sheet;
>
> Exhibit 5 – Summons; and
>
> Exhibit 6 – Affidavit of Service.

14. Upon filing this Notice of Removal, Defendant will provide prompt written notification to Plaintiff and will file a Notice of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Circuit Court of Cook County, Illinois, County Department – Chancery Division.

Based on the above, Defendant hereby removes the action captioned *City of Chicago v. Glock, Inc.*, No. 2024CH02216, from the Circuit Court of Cook County, Illinois, County Department – Chancery Division, to this Court.

Dated: April 17, 2024

                              Respectfully submitted,

By:   */s/ Michael L. Rice*
       Holly A. Harrison
       Michael L. Rice
       **HARRISON LAW LLC**

141 West Jackson Blvd., Suite 2055
Chicago, IL 60604
Telephone: 312-638-8781
Email: hollyharrison@hlawllc.com
      mikerice@hlawllc.com

– and –

John F. Renzulli
Christopher Renzulli
Scott C. Allan
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: (914) 285-0700
Email: jrenzulli@renzullilaw.com
      crenzulli@renzullilaw.com
      sallan@renzullilaw.com

Attorneys for Glock, Inc.

## **Certificate of Service**

The undersigned attorney hereby certifies that, on April 17, 2024, the foregoing Notice of Removal was electronically filed with the Clerk of the U.S. District Court prior to midnight Central time, using the CM/ECF system. Separate notice will be sent to Plaintiff's counsel of record in the state court action.

*/s/ Michael L. Rice*